IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN S. SEEFELDT,

    Plaintiff,                   No. CIV S-09-2576 KJM P

    vs.

CALIFORNIA FORENSIC
MEDICAL GROUP, et al.,

    Defendants.             <u>ORDER</u>

        /

        Plaintiff is a county jail inmate proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $3.60 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff has pleaded a number of distinct claims, which the court will consider in turn.

I. ADA Claims

Plaintiff alleges that defendants Weary, Jones, and Sands moved plaintiff from a cell with an ADA toilet, sink and railing around the bed "even though plaintiff stated he was

ADA." Compl. at C-6. In the new cell, plaintiff had to sleep on a vinyl mattress and fell off the bed because there was no guard rail; he does not say, however, that anyone was aware he had fallen off the bed. Id. Defendant Weary did take plaintiff's additional mattress, which had been ordered by the doctor. Id. at C-7. In addition, defendants Kodevari and Purcell did not place plaintiff in an ADA room after surgery, even though "plaintiff is certified an ADA individual in the state of California." Id. at C-8. Finally, plaintiff alleges that defendant Straton, the Sheriff, has failed to bring the jail up to ADA standards. Id. at C-7.

In order to plead a claim under the Americans With Disabilities Act, plaintiff must allege that

> (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.

Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002). "Benefit, program, or service" may include recreational activities, medical services, as well as educational and vocational programs. Department of Corrections v. Yeskey, 524 U.S. 206, 210 (1998).

Beyond the conclusory claim that the state recognizes plaintiff to be a "certified" ADA individual, plaintiff has not identified the nature of his disability or the nature of the discrimination based on his disability. His claim appears to be that he was denied support following surgery, something that might be more akin to an Eighth Amendment claim but not properly raised under the ADA. See Fitzgerald v. Corrections Corp. of America, 403 F.3d 1134, 1144 (10th Cir. 2005). In addition, his broad claim that the Sheriff has failed to insure that the jail meets ADA standards is too conclusory, for again plaintiff does not describe his disability or how the problems with the jail have prevented him from accessing programs or services.

/////

## II. Legal Papers

Defendant Gready "rummaged through plaintiff's legal work" and gave it to Solano County authorities to photocopy. Compl. at C-7.

Correctional officials may interfere with an inmate's right of access to the courts by reading that inmate's legal papers if the defendants' actions have harmed the inmate's ability to pursue a legal claim. Lewis v. Casey, 518 U.S. 343, 351 (1996); Cody v. Weaver 256 F.3d 764, 768 (8th Cir. 2001) (inmate alleged that prison authorities gained advantage in legal case by going through plaintiff's legal papers); Thomsen v. Ross, 368 F.Supp.2d 961, 975 (D. Minn. 2005) (actual injury requirement applies to pretrial detainees). Plaintiff has made no allegation of harm.

## III. Mental Anguish

Defendant Amos "put plaintiff in mental anguish after just having brain surgery" and conspired with defendant Gready. Because plaintiff provides no other information about this portion of the claim, the court cannot evaluate it.

## IV. Pleading Standards Generally

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

/////

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (docket no. 6) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $3.60. All fees shall be collected and paid in accordance with this court's order to the Solano County Jail. filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal

Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

          5. The Clerk of the Court is directed to send plaintiff the form for a civil rights action by a prisoner.

DATED: April 27, 2010.

_____
U.S. MAGISTRATE JUDGE

2
seef2576.14